## PD

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

DAWN M. BARNHARDT                    CASE NO. **19**    **1223**
      Plaintiff,

vs.

TRANSUNION RENTAL SCREENING
SOLUTIONS, INC.,
      Defendant.



## TRANSUNION RENTAL SCREENING SOLUTIONS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant TransUnion Rental Screening Solutions, Inc. ("Trans Union") hereby removes the subject action from the Court of Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, on the following grounds:

1.    Plaintiff Dawn M. Barnhardt served Trans Union on March 5, 2019, with a Notice To Defend ("Notice") and a First Amended Complaint ("First Amended Complaint") filed in the Court of Common Pleas of Montgomery County, Pennsylvania. Copies of the Notice and First Amended Complaint are attached hereto as **Exhibit A**, and **Exhibit B**, respectively. No other process, pleadings or orders have been served on Trans Union.

2.    Plaintiff makes claims under, alleges that Trans Union violated and alleges that Trans Union is liable under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). See First Amended Complaint, ¶¶ 1 and 4-20.

3.    This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1331 since there is a federal question. As alleged, this suit falls within the FCRA which thus supplies this federal question.

4.     Pursuant to 28 U.S.C. § 1441, *et seq.*, this cause may be removed from the Court of Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

5.     Notice of this removal will promptly be filed with the Court of Common Pleas of Montgomery County Pennsylvania and served upon all adverse parties.

WHEREFORE, Defendant TransUnion Rental Screening Solutions, Inc., by counsel, removes the subject action from the Court of Common Pleas of Montgomery County, Pennsylvania, to this United States District Court, Eastern District of Pennsylvania.

Date:  March 22, 2019                    Respectfully submitted,

/s/Casey B. Green
Casey B. Green, Esq.
Sidkoff, Pincus & Green, P.C.
2700 Aramark Tower
1101 Market Street
Philadelphia, PA 19107
Telephone:  (215) 574-0600
Fax:  (215) 574-0310
E-Mail:  cg@sidkoffpincusgreen.com

*Counsel for Defendant TransUnion Rental
Screening Solutions, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **22nd day of March, 2019**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| None. | |
|-------|--|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **22nd day of March, 2019**, properly addressed as follows:

| **for Plaintiff Dawn M. Barnhardt**<br>Vicki Piontek, Esq.<br>951 Allentown Road<br>Lansdale, PA  19446 | |
|-------------------------------------------------------------------------------------------------------|--|

/s/ Casey B. Green
Casey B. Green, Esq.
Sidkoff, Pincus & Green, P.C.
2700 Aramark Tower
1101 Market Street
Philadelphia, PA  19107
Telephone:  (215) 574-0600
Fax:  (215) 574-0310
E-Mail:  cg@sidkoffpincusgreen.com

*Counsel for Defendant TransUnion Rental Screening Solutions, Inc.*

# EXHIBIT A

# Notice To Defend

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/08/2019 1:44 PM, Fee = $0.00 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

### IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

DAWN M BARNHARDT

vs.

TRANSUNION RENTAL SCREENING SOLUTIONS INC

NO 2018-28855

### NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| Dawn M. Barnhardt | : | |
| 2310 Edwards Road | : | |
| Abington, PA 19001 | : | 2018-28855 |
| Plaintiff | : | |
| v. | : | |
| TransUnion Rental Screening Solutions, Inc. | : | |
| 6430 South Fiddlers Green Circle, Suite 500 | : | |
| Greenwood Village, CO 80111 | : | Jury Trial Demanded |
| Defendant | : | |

**NOTICE TO DEFEND**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

IF YOU CANNOT AFFORD A LAWYER, YOU MAY BE ELIGIBLE FOR LEGAL AID THROUGH ONE OF THE FOLLOWING.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

PD

19     1223

# EXHIBIT B

# First Amended Complaint

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1 44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Dawn M Barnhardt                                     :
2310 Edwards Road                                    :
Abington, PA  19001                                  .        2018-28855
                        Plaintiff     :
v.                                                   
TransUnion Rental Screening Solutions, Inc.          .
6430 South Fiddlers Green Circle, Suite 500          :
Greenwood Village, CO 80111                          .        Jury Trial Demanded
                        Defendant     .

## FIRST AMENDED COMPLAINT

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s')
   alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate
   Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq

2. Plaintiff is Dawn M. Barnhardt, an adult individual with a current address of 2310
   Edwards Road, Abington, PA  19001.

3. Defendant is TransUnion Rental Screening Solutions, Inc , with a business address
   including but not limited to 6430 South Fiddlers Green Circle, Suite 500, Greenwood
   Village, CO 80111.

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.**
**Failure to Redact First Five Digits of Plaintiff's Social Security Number**

4   All previous paragraphs of this complaint are incorporated by reference and made a part

of this complaint.

5   At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

6   At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

7.  At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a

(c).

8   At all times mentioned in this Complaint, Defendant(s) maintained a "file" on Plaintiff as

defined by 15 USC 1681(a)(d) et. seq

9   At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer

Reporting Agency" (CRA) as defined by 15 USC 1681a(f) as follows

Case# 2016-28535-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00  The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified
Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

10  On various occasions from February, 2018 to March, 2018, Plaintiff contacted

Defendant(s) in writing and requested a copy of the information contained in Plaintiff's

consumer file which was maintained by Defendant(s).  Each time that Plaintiff requested

Plaintiff's file disclosure from Defendant, Plaintiff requested in writing that Defendant(s)

redact the first five digits of Plaintiff's consumer disclosure   See attached exhibits

11. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first

five digits of Plaintiff' Social Security number on Plaintiff's disclosure because Plaintiff

specifically requested Defendant(s) to do so at the time that Plaintiff requested the

consumer report from Defendant(s).

12. Defendant was required to redact Plaintiff's Social Security number on the disclosure

even though the consumer report was given directly to the consumer, and not intended to

be accessed by any third party

13. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act

(FACTA) of 2003

14. The legislative purpose of such redaction requirement was to protect the consumer's

privacy and Social Security Number from third parties and / or dumpster divers who

might view the consumer's Social Security Number information on the consumer report

Case set 2018-3855-3 Docketed at Montgomery County Prothonotary on 01/05/2019 1.44 PM, Fee = $0.00 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania  Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

15. Such legislative purpose is also exemplified in 15 USC 1681c(g), which was also part of the FACTA of 2003.  15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale.  Even the expiration date must be redacted  This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party

16. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

17  15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

18. On or about March 6, 2018, Defendant sent Plaintiff consumer disclosures that did not have the first five digits of Plaintiff's Social Security number redacted  Plaintiff's full Social Security number was conspicuously printed by Defendant on Plaintiff's consumer disclosure

19. On or about April 10, 2018, Defendant sent Plaintiff consumer disclosures that did not have the first five digits of Plaintiff's Social Security number redacted  Plaintiff's full Social Security number was conspicuously printed by Defendant on Plaintiff's consumer disclosure.

20. Defendant(s) breached its duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer disclosure after having been specifically requested in writing by Plaintiff to do so

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

## LIABILITY

21. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

22. It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, and intentional.

23 Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant(s).

24 In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

25 Any mistake made by Defendant would have included a mistake of law

26. Any mistake made by Defendant would not have been a reasonable or bona fide mistake

Case # 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1 44 PM, Fee = $0.00 The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential Information and documents.

**JURISDICTION**

27  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint

28. The previous paragraphs of this Complaint are incorporated by reference.

29  Defendant may be personally served in this jurisdiction because Defendant regularly conducts business in this jurisdiction, and avails itself of the market forces in this jurisdiction.

30. A Federal Court has Federal question jurisdiction pursuant to 28 USC 1331, 15 USC 1692, et. seq. and 15 USC 1681 et. seq

31  A plaintiff invoking federal jurisdiction under Article III of the U.S. Constitution bears the burden of showing a "concrete injury" or a "concrete harm" See Spokeo v. Robbins U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), quoting Lujan v. Defenders of Wildlife, 504 U S 555 (1992)

32. In order to demonstrate a "concrete harm" plaintiff must show that he or she suffered "an invasion of a legally protected interest."

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

33  A "concrete" injury need not be a measurable or "tangible" injury.  Although tangible

injuries are perhaps easier to recognize, intangible injuries can nevertheless be concrete.

See Spokeo v  Robbins U S. Supreme Court opinion of the Honorable Justice Samuel

Alito, 13-1119 (2016), and quoting Pleasant Grove City v  Summum, 555 U  S. 460

(2009).  Also see Spokeo v  Robbins U S. Supreme Court concurring Opinion of the

Honorable Justice Clarence Thomas, 13-1119 (2016).

34. To determine if an injury is "concrete," the judgment of Congress is not dispositive, but

is instructive. Congress is well positioned to identify intangible harms that meet

minimum Article III requirements.  The violation of a procedural right granted by statute

can be sufficient in some circumstances to constitute injury in fact.  See Spokeo v

Robbins U.S  Supreme Court opinions of the Honorable Justice Samuel Alito and the

Honorable Clarence Thomas, 13-1119 (2016)

35. Congress can create new private causes of action to vindicate private or public rights, and

can authorize private plaintiffs to sue based simply on the violation of those private

rights   A Plaintiff seeking to vindicate a statutorily created private right need not allege

actual harm beyond the invasion of that private right; see Spokeo v. Robbins, 13-1119

(2016), Opinion of the Honorable Justice Clarence Thomas quoting Warth v  Seldin, 422

U. S. 490, 500 (1975) and also quoting Havens Realty Corp  v  Coleman, 455 U  S. 363,

373–374 (1982).

Case# 2018-28555-3 Docketed at Montgomery County Prothonotary on 01/05/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

36  Congress envisioned the need to provide consumers the tools to research, guard and assist in maintaining their personal data gathered and distributed by consumer reporting agencies such as Defendant(s) in this case.  One of those tools is the ability to safeguard one's personal identity by instructing a consumer reporting agency to redact  the first five digits of the consumers Social Security number on the consumer report, pursuant to 15 USC 1681g et. seq.

37. Even the risk of a harm, not yet manifested can be a "concrete harm."  See Spokeo v. Robbins U.S  Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016).  Plaintiff's risk of having her Social Security number compromised is a "concrete harm" as referred to in the Spokeo decision.

38  Plaintiff suffered an actual concrete injury when Defendant repeatedly and willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure.

39. Plaintiff regularly and continuously monitors the information in his consumer file maintained by Defendant because Plaintiff believes that it is wise for Plaintiff to do so as a consumer

40  Plaintiff suffered an actual concrete injury when Defendant willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure. Plaintiff's concrete injury includes but is not limited to the following:

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

a.   The harm that Plaintiff suffered is because  Plaintiff must now live in anticipation and apprehension that each time Plaintiff requests Plaintiff consumer disclosure from Defendant, Plaintiff's Social Security number will not be redacted.

b    Plaintiff lives with such harmful apprehension and anticipation that Defendant will unlawfully about Plaintiff's Social Security number being unlawfully printed because it is a well known fact that Defendant has repeatedly refused to redact the Social Security number of other consumers, totaling at least over half a dozen.

c    Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying whether Defendant will or will not unlawfully print Plaintiff's full Social Security number on the disclosure

d.   Plaintiff has suffered a concrete injury or harm because Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying dumpster divers accessing the disclosure.

e.   Plaintiff has suffered a concrete injury or harm because Plaintiff no longer has the freedom to request Plaintiff's consumer disclosure from Defendant without worrying unauthorized third parties accessing the disclosure.

Case # 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/08/2019 1 44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

41   Plaintiff reasonably believes and avers that Plaintiff will be continually subject to Defendant's unlawful business practices of failing and refusing to properly redact Plaintiff's Social Security number on Plaintiff's consumer disclosure every time Plaintiff obtains Plaintiff's disclosure.  Such reasonable belief is based on factors including but not limited to the following

    a.    Other past instances not mentioned above in this lawsuit where Plaintiff's full Social Security number was illegally printed on Plaintiff's consumer disclosure.

    b.    Defendant has repeatedly committed similar violations to other consumers, over 19 in the last two years   Similarly situated consumers requested their disclosures and Defendant refused to redact the consumer disclosures of such similarly situated consumers totaling over 19 in the last two years.

42   Plaintiff should not be forced to choose between protecting Plaintiff's identity and obtaining his consumer disclosure

43   A key factor that the Court should apply in determining Defendant's actions to be a "concrete harm" should be the willful nature of Defendant's conduct and Defendant's blatant and flagrant refusal to give Plaintiff a copy of Plaintiff's consumer file

Case# 2016-28555-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00  The filer certifies that the filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

44  The willfulness of Defendant's violation of the redaction requirement of 15 USC 1681g is exemplified by the fact that Defendant has repeatedly committed similar violations to other consumers, over 19 in the last two years   Similarly situated consumers requested their disclosures and Defendant refused to redact the consumer disclosures of such similarly situated consumers totaling over 19 in the last two years

45. Defendant's flagrant flaunting of the law of both 15 USC 1681g was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights, including  the right to receive one's consumer file, the right to dispute information therein and the right to know what rights the consumer had under the FCRA.

46. Defendant's flaunting of the law puts Plaintiff at a continued a repeated risk of identity theft by printing Plaintiff's entire Social Security number on Plaintiff's consumer disclosure which could be mis-delivered, intercepted or seen by unauthorized third parties

47 No rational interpretation of Article 3 of the U.S Constitution or the aforementioned Spokeo Decision. would allow for a CRA to withhold pertinent information required under 15 USC 1681a from a consumer, and then simply claim that there was no standing under Article 3.

Case# 2016-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00  The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania  Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**VENUE**

48  The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint

49  The previous paragraphs of this Complaint are incorporated by reference

50  Venue is proper in this District pursuant to 28 USC 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction

    a.    Defendant was obligated to mail Plaintiff's disclosure to Plaintiff's mailing address in this jurisdiction pursuant to 15 USC 1681g et seq , and because Defendant did not do so, a substantial portion of Defendant's omissions occurred in this jurisdiction.

    b.    Plaintiff mailed Plaintiff's requests Plaintiff's consumer disclosures from this jurisdiction, thus incurring costs and effort in this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction

    c.    A substantial amount of the information contained in Plaintiff's consumer file pertained to this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

Case# 2018-28555-3 Docketed at Montgomery County Prothonotary on 01/08/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

d     A substantial amount of the information contained in Plaintiff's consumer file was compiled in this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction

e.     Defendant apparently mailed Plaintiff the consumer disclosures depicted in the attached exhibits from this Jurisdiction. See attached exhibits which show a mailing address for Defendant in Woodlyn, PA which is located in this Jurisdiction.

f     Plaintiff's attorney's fees in this fee shifting case, pursuant to 15 USC 1681n, occurred in this jurisdiction Therefore a substantial portion of the events giving rise this cause of action occurred in this jurisdiction

g     Plaintiff's suffered, confusion, frustration and emotional distress which is recoverable pursuant to 15 USC 1681o as a result of Defendant's omissions. Therefore a substantial portion of the omissions giving rise this cause of action occurred in this jurisdiction

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1 44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

51. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction. Such witnesses including but not limited to the following

    a.    Plaintiff

    b    Similarly situated consumers in this jurisdiction whose rights were also violated by Defendant in a similar manner when such consumers requested information from Defendant about who had received their consumer reports, and Defendant also denied such consumers requests. Such witnesses' testimonies are relevant to show willful conduct by Defendant

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44:PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## DAMAGES

52  The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

53  Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

54  Plaintiff believes and avers that she is entitled to $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq..

55  Plaintiff believes and avers that Defendant(s') conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

56  Plaintiff requests punitive damages against Defendant(s) in the amount to be determined by this Honorable Court.

57. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000 00 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

Case #2018-28855-3 Docketed at Montgomery County Prothonotary on 01/08/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

58. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000.00 because Defendant(s') actions had the effect of compromising the integrity of 15 USC 1681 et. seq

59. Plaintiff believes and avers that punitive damages are warranted due to the willful and wanton nature of the violation as evidenced by the following:

    a.    Plaintiff's request letters specifically asked that Plaintiff's Social Security number be redacted, the request letters were in 14 point bold font.

    b    Numerous other similarly situated consumers, totaling more than 10, were also subject to similar misconduct by Defendant. Their un-redacted Social Security numbers were also illegally printed by Defendant(s) in the same manner and under similar circumstances as with Plaintiff

    c.    Plaintiff requested that Plaintiff's Social Security number be redacted on separate occasions, and Plaintiff's full Social Security number was subsequently unlawfully printed by Defendant on four occasions listed above

    d    Upon information and belief, at all relevant times mentioned in this Complaint Defendant had no policy in effect to redact the first five digits of Social Security number of consumers when asked by the consumers.

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00, The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**ATTORNEY FEES**

60. The previous paragraphs of this Complaint are incorporated by reference and made a part
of this Complaint.

61 Plaintiff is entitled to reasonable attorney fees pursuant to 15 USC 1681 et. seq.

62. Plaintiff believes and avers that the value of Plaintiff's attorney fees is no less than $350
per hour, or other amount determined by this Honorable Court.

63. Plaintiff believes and avers that the value of Plaintiff's attorney fees is no less than
$2,100.00 at a rate of $350 00 per hour, enumerated below, or such other amount
determined by this Honorable Court.

| | | |
|---|---|---|
| a. | Consultation with client and review of file | 1 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 3 |
| c. | Follow up contact with Defense and client | 2 |

6 x $350 = $2,100

64. Plaintiff's attorney fees continue to accrue as the case move forward.

65. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/08/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## OTHER RELIEF

66  The previous paragraphs of this Complaint are incorporated by reference and made a part
    of this Complaint.

67. Plaintiff seeks and Order from this Honorable Court, or other Court of competent
    jurisdiction, directing Defendant(s) to provide Plaintiff with her credit report once per
    year, free of charge.

68  Plaintiff requests a jury trial in this matter

69  Plaintiff seeks such other relief as this Honorable Court may deem just and proper

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/06/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less

than $12,101 00 as enumerated below

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq.

$2,100.00 attorney fees

$9,000 punitive damages

_____

$12,101 00

Plaintiff seeks such additional relief as the Court deems just and proper.

/s/ Vicki Piontek                              1-6-2019

_____        Date
Vicki Piontek, Esquire
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

Case# 2018-28855-3 Docketed at Montgomery County Prothonotary on 01/05/2019 1:44 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Dawn M. Barnhardt                          :
2310 Edwards Road                          :
Abington, PA 19001                         :
                              Plaintiff    :
v.                                         :
TransUnion Rental Screening Solutions, Inc. :
6430 South Fiddlers Green Circle, Suite 500 :
Greenwood Village, CO 80111                :     Jury Trial Demanded
                              Defendant    :

**VERIFICATION**

I, Dawn Barnhardt, have red the attached Complaint. The facts stated therein are true and correct

to the best of my knowledge, understanding and belief.


Signature: _____
           D. Barnhardt (Dec 19, 2018)

**Email:**  msdbarnhardt@gmail.com